UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SEAN SULLIVAN,

                       Plaintiff,

    -against-

ISTOREGREEN, LLC, JOHN DOE, President,
ISTOREGREEN, LLC, LEIA YODICE,
Employee, ISTOREGREEN, LLC,
                       Defendants.
-------------------------------------------------------------x

**MEMORANDUM & ORDER**

14-CV-7163 (ENV) (RLM)

VITALIANO, D.J.

On December 5, 2014, plaintiff Sean Sullivan, *pro se,* filed this action. The Court grants plaintiff's request to proceed *in forma pauperis* ("IFP") solely for the purpose of this order. For the reasons that follow, however, the complaint is dismissed.

## Background

Plaintiff alleges that he has "stored his personal property at a self-storage facility in Brooklyn owned by IStoreGreen since April 2010." Compl. at 3. Sullivan further avers that the New York City Human Resources Administration ("HRA") "agreed to make an emergency payment to IStoreGreen in satisfaction of the Plaintiff's outstanding storage rental liability," but that HRA has failed to do so. *Id.* at 3-4. On September 30, 2014, Sullivan filed an action in state court against IStoreGreen and entered into a stipulation of settlement on October 24, 2014. *Id.* at

1

4; Exhibit B. Sullivan now claims that IStoreGreen violated the terms of the stipulation and filed a Notice of Lien, dated November 13, 2014, against him. *Id.* at 4-5; Exhibit C. Finally, plaintiff notes that he is "in the midst of divorce and child support proceedings" and that he "is in default of child support obligations in amounts exceeding $100,000." *Id.* at 4; Exhibit A.

Plaintiff contends that New York's lien law is in conflict with "applicable federal law regarding child support debt." *Id.* at 4. He further asserts several related state law claims, and seeks damages as well as injunctive and declaratory relief. *Id.* at 10.

## Standard of Review

A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule does not require a plaintiff to provide "detailed factual allegations" in support of his or her claims in order to survive a motion to dismiss, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009). Indeed, mere conclusory allegations or "naked assertions" will not survive a motion to dismiss without at least some "further factual enhancement" providing substance to the claims alleged. *Twombly*, 550 U.S. at 557.

Typically, when a plaintiff proceeds without legal representation, the district court must regard that plaintiff's complaint in a more liberal light, affording the

pleadings of a *pro se* litigant the strongest interpretation possible. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 471 (2d Cir. 2006) (per curiam). Here, however, Sullivan states that he is an "unemployed attorney," Compl. at 2. Consequently, the Court is not obliged to read his pleadings liberally. *Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010); *Johnson v. MediSys Health Network*, No. 10 CV 1596, 2013 WL 1334420, *1 n.1 (E.D.N.Y. Mar. 29, 2013) ("Although Johnson proceeds *pro se,* she is an attorney. Thus, she is not entitled to have her pleadings read with the degree of liberality given to non-attorney *pro se* plaintiffs."); *Bliven v. Hunt*, 478 F. Supp. 2d 332, 334 (E.D.N.Y. 2007) (experienced attorney not entitled to degree of liberality given to non-attorney *pro se* plaintiffs).

Finally, a district court must dismiss an *in forma pauperis* complaint like this one if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## Discussion

Federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000). The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction, whereas § 1332 provides

for the grant of "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States. Likewise, § 1332 jurisdiction is properly invoked when a plaintiff presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *See* § 1332(a). Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the court *sua sponte*. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428 (2011). If a court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Sullivan's complaint asserts federal question jurisdiction, yet fails to provide any factual basis from which even the faintest inference of such jurisdiction could be drawn. Rather, Sullivan's claim is wholly based on a contractual dispute with a private storage company. In a novel approach, Sullivan tries to insert a federal question into the case by claiming that the storage liens are impacted by various federal laws concerning the discharge of child support debt.[1]

In any event, the claim Sullivan does make is linked by him to child support litigation. Such a claim, in essence, "concerns state law domestic relations matters,

---

[1] Perhaps, if *pro se* solicitude were required, an extreme application of it might divine an attempt to plead some sort of constitutional challenge to the storage laws. That, however, would be a particularly dry hole given the prior state litigation commenced by Sullivan over the *bona fides* of that claim. At bottom, Sullivan pleads no such claim and, given that he is an attorney and the words of the claim he did make, the omission of such a constitutional claim appears intentional, if not compelled by Civil Rule 11.

4

matters that are better adjudicated in state court . . . ." *Watty v. Cuomo,* No. 12–CV–2660 (Report and Recommendation), *adopted by id.,* 2013 WL 816284 (E.D.N.Y. Mar. 1, 2013). Indeed, "[s]o strong is [the Supreme Court's] deference to state law in this area that [it has] recognized a 'domestic relations exception' that 'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'" *Elk Grove Unified Sch. Dist. v. Newdow,* 542 U.S. 1, 12–13 (2004) (internal citation omitted). Even more obvious, plaintiff's reference to federal laws relating to child support is nothing more than a straw man predicate for finding an otherwise missing federal question. The dispute between the actual parties to this lawsuit relates to storage charges and liens. That the actual subject controversy in dispute might cause financial upset and undermine Sullivan's ability to comply with child support obligations is irrelevant. It hardly converts this controversy into one about child support, which would, at any rate, be a controversy carved out of federal question subject matter jurisdiction any way. What is plain is that this Court lacks subject matter jurisdiction over this case since, contrary to Sullivan's contentions, the complaint does not present a federal question.

## Conclusion

For the foregoing reasons, the complaint, filed *in forma pauperis,* is dismissed for lack of subject matter jurisdiction, but without prejudice and with leave to refile his state claims in a state court of competent jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment accordingly, and to close this case.

Dated: Brooklyn, New York
December 26, 2014

/s/ USDJ VITALIANO
ERIC N. VITALIANO
United States District Judge